UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ERIONA FASKAJ,

                           Plaintiff,

      -against-

BYPASS MECHANICAL CORP., ROLANDO
MECHANICAL CORP., ROLANDO
MECHANICAL OF NY CORP., ROLAND
HYSENAJ, *individually,* and CLEANTHIS
MEIMAROGLU, *individually,*

                           Defendants.

-----------------------------------------------------------X

Case No.

<u>COMPLAINT</u>

PLAINTIFF DEMANDS A
TRIAL BY JURY

Plaintiff, ERIONA FASKAJ, by and through her attorneys, PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

### Nature of the Case

1. This case is about a woman who was subject to endless sexual harassment by her boss, Defendant Cleanthis Meimarolgu. Despite the Defendants' Chief Executive Owner, Defendant Roland Hysenaj, being aware of the sexual harassment, Defendant Ronald Hysenaj berated Plaintiff by calling her names such as "a piece of meat with no brain" and a "stupid woman." Defendants also harassed Plaintiff due to her Albanian background, and frequently connotated her national origin with drug dealers and terrorists. Plaintiff was ultimately terminated for not giving in to Defendant Cleanthis Meimaroglu's sexual advances.

2. Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u> ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the <u>New York State Human Rights Law</u>, New York Executive Law § 296, *et. seq.* ("NYSHRL"); and the <u>New York City Human Rights Law</u>, New York City

Administrative Code § 8-502(a), *et seq.* ("NYCHRL"). Plaintiff seeks damages to redress the injuries Plaintiff has suffered as a result of discrimination on the basis of her sex/gender (female) and national origin (Albanian), and retaliated against for her repeated complaints of discrimination, resulting in her unlawful termination.

### Jurisdiction and Venue

3.  Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

4.  This Court has supplemental jurisdiction over Plaintiff's claims brought under state and municipal law pursuant to 28 U.S.C. § 1367.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts complained of occurred within the Eastern District of the State of New York.

### Procedural Prerequisites

6.  Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

7.  Plaintiff received a Notice of Right to Sue ("Notice") from the EEOC, dated September 15, 2022 with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto as **Exhibit A**.

8.  This Action is being commenced within ninety (90) days of receipt of said Notice.

9.  Contemporaneously with the filing of this Complaint, Plaintiff mailed a copy of the Complaint to the New York City Commission on Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York ("Corporation Counsel") pursuant to the notice requirements of Section 8-502 of the New York City Administrative

Code. A copy of the transmittal letter to the NYCCHR and the Corporation Counsel is annexed hereto as **Exhibit B**.

**Parties**

10.    Plaintiff is a resident of Queens County in the State of New York.

11.    Plaintiff is an Albanian woman.

12.    At all times material, Defendant BYPASS MECHANICAL CORP. (hereinafter "BYPASS") was and is a domestic business corporation organized and operating under the laws of the State of New York with its principal place of business at 24-15 45th Street, Astoria, New York 11103.

13.    At all times material, Defendant ROLANDO MECHANICAL CORP. (hereinafter "ROLANDO") was and is a domestic business corporation organized and operating under the laws of the State of New York with its principal place of business at 24-15 45th Street, Astoria, New York 11103.

14.    At all times material, Defendant ROLANDO MECHANICAL OF NY CORP. (hereinafter "ROLANDO NY") was and is a domestic business corporation organized and operating under the laws of the State of New York with its principal place of business at 24-15 45th Street, Astoria, New York 11103.

15.    At all times material, Defendant ROLANDO HYSENAJ (hereinafter "HYSENAJ") is and was the co-founder of Defendant BYPASS, Defendant ROLANDO and Defendant ROLANDO NY.

16.    At all times material, Defendant HYSENAJ was Plaintiff's supervisor and had supervisory authority over Plaintiff.

3

17.   At all times material, Defendant HYSENAJ had the power to hire, fire and/or directly affect the terms and conditions of Plaintiff's employment.  Defendant HYSENAJ had the power to direct Plaintiff's daily work activities.

18.   At all times material, Defendant CLEANTHIS MEIMAROGLU (hereinafter "MEIMAROGLU") is and was the co-founder of Defendant BYPASS, Defendant ROLANDO and Defendant ROLANDO NY.

19.   At all times material, Defendant MEIMAROGLU was Plaintiff's supervisor and had supervisory authority over Plaintiff.

20.   At all times material, Defendant MEIMAROGLU had the power to hire, fire and/or directly affect the terms and conditions of Plaintiff's employment.  Defendant MEIMAROGLU had the power to direct Plaintiff's daily work activities.

21.   At all times material, Defendant BYPASS, Defendant ROLANDO and Defendant ROLANDO NY had 15 or more employees for each working day in each of 20 or more calendar weeks in 2016.

22.   At all times material, Defendant BYPASS, Defendant ROLANDO and Defendant ROLANDO NY had 15 or more employees for each working day in each of 20 or more calendar weeks in 2017.

23.   At all times material, Defendant BYPASS, Defendant ROLANDO and Defendant ROLANDO NY had 15 or more employees for each working day in each of 20 or more calendar weeks in 2018.

24.   At all times material, Defendant BYPASS, Defendant ROLANDO and Defendant ROLANDO NY had 15 or more employees for each working day in each of 20 or more calendar weeks in 2019.

25.   At all times material, Defendant BYPASS, Defendant ROLANDO and Defendant ROLANDO NY had 20 or more employees for each working day in each of 20 or more calendar weeks in 2020.

26.   At all times material, Defendant BYPASS was Plaintiff's employer under Title VII.

27.   At all times material, Defendant BYPASS was Plaintiff's employer under the NYSHRL.

28.   At all times material, Defendant BYPASS was Plaintiff's employer under the NYCHRL.

29.   At all times material, Defendant ROLANDO was Plaintiff's employer under Title VII.

30.   At all times material, Defendant ROLANDO was Plaintiff's employer under the NYSHRL.

31.   At all times material, Defendant ROLANDO was Plaintiff's employer under the NYCHRL.

32.   At all times material, Defendant ROLANDO NY was Plaintiff's employer under Title VII.

33.   At all times material, Defendant ROLANDO NY was Plaintiff's employer under the NYSHRL.

34.   At all times material, Defendant ROLANDO NY was Plaintiff's employer under the NYCHRL.

35.   At all times material, Defendant HYSENAJ was Plaintiff's employer under the NYSHRL.

36.   At all times material, Defendant HYSENAJ was Plaintiff's employer under the NYCHRL.

37.   At all times material, Defendant MEIMAROGLU was Plaintiff's employer under the NYSHRL.

38.   At all times material, Defendant MEIMAROGLU was Plaintiff's employer under the NYCHRL.

39.   Defendant BYPASS, Defendant ROLANDO and Defendant ROLANDO NY are at times referred to in this Complaint as "Corporate Defendants."

40. At all times material, Defendant BYPASS, Defendant ROLANDO, Defendant ROLANDO NY were integrated and/or joint employers of Plaintiff as they had an interrelation of operations, common management, shared financial control, and centralized control of labor relations.

41. At all times material, Corporate Defendants operated as one single entity, performing the same services, regardless of which corporate entity name was in use.

42. Defendant BYPASS, Defendant ROLANDO, Defendant ROLANDO NY, Defendant HYSENAJ and Defendant MEIMAROGLU are sometimes collectively referred to as "Defendants."

43. At all times material, all parties herein worked and/or continue to be employed by Defendants.

## **Material Facts**

44. In or around August 2016, Plaintiff began her employment with Defendants as a full-time office assistant earning approximately $14.00 per hour or approximately $29,120 per year.

45. Plaintiff was qualified for her position and performed her duties well.

46. Throughout her employment, Plaintiff never received any write-ups or poor performance reviews.

47. In early 2017, Plaintiff received a pay raise of approximately $42,428 per year, or approximately $815.92 per week.

48. In or around early 2017, Defendant MEIMAROGLU began to subject Plaintiff to persistent and unwelcomed sexual advances.

49. Specifically, Defendant MEIMAROGLU began touching Plaintiff on her buttocks and breasts.

50.   Defendant MEIMAROGLU also began to proposition Plaintiff for sex by making sexual comments to her, such as "I want to suck your breast." Defendant MEIMAROGLU would also tell Plaintiff that she had "a nice ass" and "nice breasts."

51.   Additionally, Defendant MEIMAROGLU repeatedly invited Plaintiff to his home and stated that "[he] could be the man to please [her]."

52.   In or around May 2017, Plaintiff approached Defendants' office manager, Jetmira Galica ("Galica"). Plaintiff explained that Defendant MEIMAROGLU constantly subjected her to unwanted sexual harassment, including touching her buttocks and breasts. Galica proceeded to call Defendant HYSENAJ to discuss Plaintiff's complaint while Plaintiff was present.

53.   A few days later, Defendant HYSENAJ began to verbally berate Plaintiff and called her a "piece of meat with no brain," and a "stupid woman." Outrageously, Defendant HYSENAJ would also tell Plaintiff that she looked more like a man than a woman.

54.   Plaintiff was extremely offended by Defendant HYSENAJ's comments but felt she had no one else to whom she could complain.

55.   Although Plaintiff made a complaint regarding the unwanted sexual advances that she was suffering from Defendant MEIMAROGLU, nothing changed. Defendant MEIMAROGLU continued to inappropriately touch Plaintiff and make inappropriate sexual innuendos and sexual comments to her throughout her employment.

56.   For example, on one occasion, Defendant MEIMAROGLU approached Plaintiff from behind and touched her buttocks. Plaintiff screamed and told Defendant MEIMAROGLU that his behavior was not normal and that she could be his niece. In response, Defendant

MEIMAROGLU laughed and continued to touch Plaintiff's buttocks. Appalled, Plaintiff screamed and told Defendant MEIMAROGLU not to touch her.

57.    Shockingly, that same day, Defendant MEIMAROGLU rubbed his groin area with his hand and told Plaintiff "I want to fuck and cum on your mouth," and demanded that Plaintiff perform oral sex on him. Plaintiff told Defendant MEIMAROGLU that he should be ashamed. Defendant MEIMAROGLU then grabbed Plaintiff's buttocks and stated that he wanted to "fuck her ass." Plaintiff screamed for Defendant MEIMAROGLU to stop however, Defendant MEIMAROGLU persisted and stated, "nobody is seeing you." Terrified, Plaintiff demanded that Defendant MEIMAROGLU stop.

58.    In or around early 2018, Plaintiff received a pay raise of approximately $51,788 per year, or approximately $995.92 per week.

59.    Throughout Plaintiff's employment, Plaintiff repeatedly opposed Defendant MEIMAROGLU's unwanted sexual advances and told him not to touch her. Unfortunately, Defendant MEIMAROGLU did not stop sexually harassing Plaintiff.

60.    Plaintiff frequently complained to Defendants' management and threatened to report Defendant MEIMAROGLU to the police. In response, Defendant MEIMAROGLU stated, in sum and substance, "I'm the boss. I would be dead by the time the police acted." Plaintiff felt defeated.

61.    In addition to the unwanted sexual advances by Defendant MEIMAROGLU, Defendant MEIMAROGLU also made inappropriate comments regarding her Albanian heritage.

62.    Specifically, Defendant MEIMAROGLU told Plaintiff that all Albanians were terrorists, killers, drug dealers, crazy, bad people, and that she came from a family of drug dealers. These comments were made on a frequent basis throughout Plaintiff's employment.

63.  Although Plaintiff requested that Defendant MEIMAROGLU stop making these offensive comments about Albania, the comments persisted.

64.  In or around early 2019, Plaintiff received a pay raise of approximately $56,016 per year, or approximately $1,077.23 per week.

65.  On or about January 1, 2020, Defendants RONALDO, RONALDO NY and Defendant BYPASS merged.

66.  In or around early 2020, Plaintiff received a pay raise of approximately $65,000 per year, or approximately $1,250 per week.

67.  In or around early 2020, Defendant MEIMAROGLU told Plaintiff that he was upset that he did not have a relationship with her, and said "if I die now, my only with is to fuck you." Plaintiff wept and pleaded with Defendant MEIMAROGLU by stating "stop you are driving me crazy. All of this is going to kill me." Despite her pleas, Defendant MEIMAROGLU continued his unwanted sexual advances.

68.  Often when Plaintiff refused Defendant MEIMAROGLU's sexual advances, Defendant MEIMAROGLU called Plaintiff inappropriate names, such as a "bitch" and "a stupid woman with no brain."

69.  As a result of the constant sexual harassment and sexual assault, Plaintiff experienced stress and anxiety. Due to that stress and anxiety, Plaintiff gained weight. In response to Plaintiff's weight gain, Defendant MEIMAROGLU and Defendant HYSENAJ berated Plaintiff and called her "fat" and stated that her "brain does not work because [she] got fat." Many of these comments occurred in the presence of Galica, who sometimes advised Defendant MEIMAROGLU not to speak to Plaintiff that way.

70.  On or about March 27, 2020, Plaintiff was terminated.

9

71.   Upon information and belief, Plaintiff was terminated in retaliation for her repeated complaints of sexual harassment and national origin discrimination, as well as her refusal to give into Defendant MEIMAROGLU's sexual advances.

72.   Defendants created a hostile work environment which unreasonably interfered with Plaintiff's ability to perform her job.

73.   The above are just some of the ways Defendants regularly and continually harassed the Plaintiff while employing Plaintiff.

74.   Defendants treated Plaintiff this way solely due to Plaintiff's sex/gender (female).

75.   Defendants acted intentionally and intended to harm Plaintiff.

76.   Defendants unlawfully sexually harassed, humiliated, degraded, and belittled Plaintiff. As a result, Plaintiff suffers loss of rights, emotional distress, and loss of income.

77.   Plaintiff's performance was, upon information and belief, above average and satisfactory while working for Defendants.

78.   As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, the loss of a salary, loss of bonus, loss of benefits, other compensation which such employment entails, special damages, and great inconvenience.

79.   Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

80.   Defendants acted maliciously, willfully, outrageously, and with full knowledge of the law.

81.   As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

### First Cause of Action for Discrimination
### Under Title VII
### <u>(Not Against Individual Defendants)</u>

82.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

83.   <u>Title VII of the Civil Rights Act of 1964</u>, as amended, at 42 U.S.C. § 2000e–2(a), titled

"employer practices," provides that:

> It shall be an unlawful employment practice for an employer—
>
> (1) to fail or refuse to hire or to discharge any individual, or
> otherwise to discriminate against any individual with respect to his
> compensation, terms, conditions, or privileges of employment,
> because of such individual's race, color, religion, **sex**, or national
> origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for
> employment in any way which would deprive or tend to deprive any
> individual of employment opportunities or otherwise adversely
> affect his status as an employee, because of such individual's race,
> color, religion, sex, or national origin.

84.   Defendants violated the sections cited herein as set forth.

85.   Plaintiff is entitled to the maximum amount allowed under this statute.

### Second Cause of Action for Discrimination
### Under Title VII
### <u>(Not Against Individual Defendants)</u>

86.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

87.   <u>Title VII of the Civil Rights Act of 1964</u>, as amended, at 42 U.S.C. § 2000e–2(a), titled

"employer practices," provides that:

> It shall be an unlawful employment practice for an employer—
>
> (1) to fail or refuse to hire or to discharge any individual, or
> otherwise to discriminate against any individual with respect to his
> compensation, terms, conditions, or privileges of employment,

because of such individual's race, color, religion, sex, or **national origin**; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

88.   Defendants violated the sections cited herein as set forth.

89.   Plaintiff is entitled to the maximum amount allowed under this statute.

**Third Cause of Action for Retaliation
Under Title VII
(Not Against Individual Defendants)**

90.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

91.   Title VII of the Civil Rights Act of 1964, as amended, at 42 U.S.C. § 2000e–2(a), titled

"employer practices," provides that:

It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

92.   Defendants violated the sections cited herein as set forth.

93.   Plaintiff is entitled to the maximum amount allowed under this statute.

12

**Fourth Cause of Action for Discrimination**
**Under the New York State Executive Law**
**(Against all Defendants)**

94.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

         this complaint.

95.     New York State Executive Law § 296(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer
> or licensing agency, because of an individual's age, race, creed,
> color, national origin, sexual orientation, military status, **sex**,
> disability, predisposing genetic characteristics, familial status,
> marital status, or domestic violence victim status, to refuse to hire
> or employ or to bar or to discharge from employment such
> individual or to discriminate against such individual in
> compensation or in terms, conditions or privileges of employment.

96.     Defendants violated the section cited herein as set forth.

97.     Plaintiff is entitled to the maximum amount allowed under this statute.

**Fifth Cause of Action for Discrimination**
**Under the New York State Executive Law**
**(Against all Defendants)**

98.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

         this complaint.

99.     New York State Executive Law § 296(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer
> or licensing agency, because of an individual's age, race, creed,
> color, **national origin**, sexual orientation, military status, sex,
> disability, predisposing genetic characteristics, familial status,
> marital status, or domestic violence victim status, to refuse to hire
> or employ or to bar or to discharge from employment such
> individual or to discriminate against such individual in
> compensation or in terms, conditions or privileges of employment.

100.    Defendants violated the section cited herein as set forth.

101.    Plaintiff is entitled to the maximum amount allowed under this statute.

**Sixth Cause of Action for Discriminatory Discharge**
**Under the New York State Executive Law**
**(Against All Defendants)**

102. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

103. New York State Executive Law § 296(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

104. Defendants violated the section cited herein as set forth.

105. Plaintiff is entitled to the maximum amount allowed under this statute.

**Seventh Cause of Action for Discrimination**
**Under the New York State Executive Law**
**(Against Defendant HYSENAJ Only)**

106. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

107. New York State Executive Law § 296(6) provides in pertinent part, that it shall be an unlawful discriminatory practice "…for any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

108. Defendant HYSENAJ violated the statute cited herein as set forth.

109. Plaintiff is entitled to the maximum amount allowed under this statute.

14

**Eighth Cause of Action for Discrimination**
**Under the New York State Executive Law**
**(Against Defendant MEIMAROGLU Only)**

110.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

111.   New York State Executive Law § 296(6) provides in pertinent part, that it shall be an unlawful discriminatory practice "…for any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

112.   Defendant MEIMAROGLU violated the statute cited herein as set forth.

113.   Plaintiff is entitled to the maximum amount allowed under this statute.

**Ninth Cause of Action for Retaliation**
**Under the New York State Executive Law**
**(Against All Defendants)**

114.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

115.   New York State Executive Law § 296(7) provides that:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article because he or she has filed a complaint, testified or assisted in any proceeding under this article.

116.   Defendants violated the sections cited herein as set forth.

117.   Plaintiff is entitled to the maximum amount allowed under this statute.

**Tenth Cause of Action for Discrimination**
**Under the New York City Administrative Code**
**(Against All Defendants)**

118.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

119.   New York City Administrative Code § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, partnership, status, caregiver status, sexual orientation, uniformed service, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

120.   Defendants violated the section cited herein as set forth.

121.   Plaintiff is entitled to the maximum amount allowed under this statute.

### Eleventh Cause of Action for Discrimination
### Under the New York City Administrative Code
### (Against All Defendants)

122.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

123.   New York City Administrative Code § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, **national origin**, gender, disability, marital status, partnership, status, caregiver status, sexual orientation, uniformed service, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

124.   Defendants violated the section cited herein as set forth.

125.   Plaintiff is entitled to the maximum amount allowed under this statute.

### Twelfth Cause of Action for Discrimination
### Under the New York City Administrative Code
### (Against Defendant HYSENAJ Only)

126.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

16

127. <u>New York City Administrative Code</u> § 8-107(6) provides that it shall be unlawful discriminatory practice "…for any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

128. Defendant HYSENAJ violated the section cited herein as set forth.

**Thirteenth Cause of Action for Discrimination**
**Under the New York City Administrative Code**
**(Against Defendant MEIMAROGLU Only)**

129. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

130. <u>New York City Administrative Code</u> § 8-107(6) provides that it shall be unlawful discriminatory practice "…for any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

131. Defendant MEIMAROGLU violated the section cited herein as set forth.

**Fourteenth Cause of Action for Retaliation**
**Under the New York City Administrative Code**
**(Against All Defendants)**

132. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

133. <u>New York City Administrative Code</u> § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer…to discriminate against any person because such person has opposed any practices forbidden under this chapter…"

134. Defendants violated the section cited herein as set forth.

135. Plaintiff is entitled to the maximum amount allowed under this statute.

**Fifteenth Cause of Action for Vicarious Liability**
**Under the New York City Administrative Code**
**(Against Corporate Defendants Only)**

136.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

137.    New York City Administrative Code § 8-107(13) provides for employer liability for

discriminatory conduct by an employee, agent or independent contractor.  This sub-section

states:

> a. An employer shall be liable for an unlawful discriminatory
> practice based upon the conduct of an employee or agent which is
> in violation of any provision of this section other than subdivisions
> one and two of this section.
>
> b. An employer shall be liable for an unlawful discriminatory
> practice based upon the conduct of an employee or agent which is
> in violation of subdivision one or two of this section only where: (1)
> the employee or agent exercised managerial or supervisory
> responsibility; or (2) the employer knew of the employee's or
> agent's discriminatory conduct, and acquiesced in such conduct or
> failed to take immediate and appropriate corrective action; an
> employer shall be deemed to have knowledge of an employee's or
> agent's discriminatory conduct where that conduct was known by
> another employee or agent who exercised managerial or supervisory
> responsibility; or (3) the employer should have known of the
> employee's or agent's discriminatory conduct and failed to exercise
> reasonable diligence to prevent such discriminatory conduct.
>
> c. An employer shall be liable for an unlawful discriminatory
> practice committed by a person employed as an independent
> contractor, other than an agent of such employer, to carry out work
> in furtherance of the employer's business enterprise only where such
> discriminatory conduct was committed in the course of such
> employment and the employer had actual knowledge of and
> acquiesced in such conduct.

138.    Defendants violated the section cited herein as set forth.

139.    Plaintiff is entitled to the maximum amount allowed under this statute.

18

## Jury Demand

140.    Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*; the New York State Human Rights Law, New York State Executive Law § 296, *et. seq.*; and the New York City Administrative Code, § 8-107, *et. seq.*, in that Defendants discriminated against Plaintiff due to her sex/gender and national origin, sexually harassed and retaliated against Plaintiff after she refused to give into Defendants' sexual advances;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and conduct and to otherwise make Plaintiff whole for any losses suffered because of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering, and injury to Plaintiff's reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and

proper to remedy Defendants' unlawful employment practices.

Dated:  New York, New York
October 26, 2022

PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC

By:

Steven Fingerhut
Stefanie Shmil
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
(212) 248-7431
sfingerhut@tpglaws.com
sshmil@tpglaws.com